UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11223 PA (JCx) | Date | March 17, 2021 |
|---|---|---|---|
| Title | John Akrabian, et al. v. West Coast Servicing, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Petitioners John and Marine Akrabian ("Petitioners"), who are appearing pro se, commenced this action on December 8, 2020. Petitioners seek enforcement of an arbitration award they claim to have obtained from "LAMP Common Law Arbitration" against the interests of respondents West Coast Servicing Inc., Veripro Solutions, Nationstar Mortage, LLC (which does business as Mr. Cooper), Bank of America, N.A., and Countrywide Home Loans, Inc. (collectively "Respondents"). According to a copy of the arbitration award submitted by Petitioners, the arbitrators defaulted Respondents when they did not participate in the arbitration and awarded Petitioners $4 million in damages (consisting of $1,203,000.00 in damages for breach of contract and $2,797,000.00 in punitive damages).

Previously, Petitioners and West Coast Servicing were involved in unlawful detainer proceedings, which Petitioners twice unsuccessfully attempted to remove to this Court in March and July 2020. See Case Nos. CV 20-2468 GW (AFMx) and CV 20-6856 GW (AFMx). According to the pending Motion to Dismiss filed by West Coast Servicing (Docket No. 17), Petitioners are also pursuing an action against West Coast Servicing in Los Angeles Superior Court that has been pending since November 2019.

On January 14, 2021, the Court dismissed with leave to amend the Motion to Confirm Arbitration Award filed by Petitioners. The Court explained in its January 14, 2021 Order that Petitioners' citations to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, were insufficient to invoke the Court's subject matter jurisdiction. The Court also provided information about the pleading requirements for establishing diversity jurisdiction and granted Petitioners leave to file a Second Amended Petition to Confirm Arbitration Award to establish federal subject matter jurisdiction after Petitioners had previously filed their original Motion to Confirm Arbitration Award (Docket No. 1) and an Amended Motion to Compel Arbitration Award (Docket No. 8).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11223 PA (JCx) | Date | March 17, 2021 |
|---|---|---|---|
| Title | John Akrabian, et al. v. West Coast Servicing, Inc., et al. | | |

    Petitioners filed an "Amended Motion to Confirm Arbitration Award" on January 27, 2021 (Docket No. 14). In their Amended Motion, which is more properly characterized as their Second Amended Petition to Confirm Arbitration Award ("2nd Amended Petition"), Petitioners allege:

> This Court has limited scope of subject matter jurisdiction over this summary motion. Pursuant to [the] code concerning on [sic] diversity of citizens of different states, three (3) of the Respondents are situated and doing business in Texas, and North Carolina. Also, the amount in the non-controversial summary motion exceeds the sum of $75,000.00 and was settled in arbitration.

(2nd Amended Petition at p. 2.) On February 1, 2021, the Court dismissed the 2nd Amended Petition because it, like Petitioners' two prior Petitions, failed to adequately allege a basis for this Court's subject matter jurisdiction. Specifically, the Court explained:

> Here, the 2nd Amended Petition names four respondents. Because the 2nd Amended Petition alleges only that "three (3) of the Respondents are situated and doing business in Texas, and North Carolina," but does not allege Petitioners' citizenship, the citizenship of the members of the respondent that is organized as a limited liability company, or the state of incorporation and principal place of business of the corporate respondents, Petitioners have again failed to sufficiently allege the Court's subject matter jurisdiction.

(Feb. 1, 2021 Order.) The Court, as it had in both its Self-Representation Order and its January 14, 2021 Minute Order, explained in its February 1, 2021 Order, the requirements for diversity jurisdiction. The Court also repeated its explanation, also contained in its January 14, 2021 Minute Order, that the FAA does not create federal question jurisdiction over an action:

> The FAA is "'something of an anomaly in the realm of federal legislation: It 'bestow[s] no federal jurisdiction but rather requir[es] [for access to a federal forum] an independent jurisdictional basis' over the parties' dispute. Given the substantive supremacy of the FAA, but the Act's nonjurisdictional cast, state courts have a prominent role to play as enforcers of agreements to arbitrate." <u>Vaden v. Discover Bank</u>, 556 U.S. 49, 59, 129 S. Ct. 1262, 1271-72,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11223 PA (JCx) | Date | March 17, 2021 |
|---|---|---|---|
| Title | John Akrabian, et al. v. West Coast Servicing, Inc., et al. | | |

173 L. Ed. 2d 206 (2009) (quoting Hall Street Associates, L.L.C. v. Mattel, Inc., 552 U.S. 576, 581-82, 129 S. Ct. 1396, 1402, 170 L. Ed. 2d 254 (2008)). Therefore, although the Motion to Confirm Arbitration Award appears to assert a claim pursuant to the FAA, Petitioners have not satisfactorily alleged that the Court possesses federal question jurisdiction over this action.

(Id.) The Court provided Petitioners with an opportunity to file a Third Amended Petition that adequately alleged a basis for the Court's exercise of subject matter jurisdiction over this matter. The Court warned Petitioners, as it had when dismissing the first two Petitions, that the failure to file a Third Amended Petition to Confirm Arbitration Award by the deadline set by the Court or to adequately allege the Court's jurisdiction may result in the dismissal of this action without prejudice. (See id.)

Petitioners asked for an extension of time to file the Third Amended Petition, which the Court granted, allowing Petitioners to file their Third Amended Petition by no later than March 15, 2021. On March 15, 2021, rather than filing a Third Amended Petition, Petitioners filed a Motion to Transfer Case to Chief Judge for Reassignment (Docket No. 24). Petitioners appear to assert in their Motion to Transfer that by requiring them to adequately allege a basis for the Court's subject matter jurisdiction, the Court has acted "as if to re-adjudicate the matter already resolved in arbitration." (Mot. at ¶ 3.) Petitioners contend in their Motion to Transfer that they "have reason to believe" that this Court "is incompetent to fulfill [its] service to confirm the award." (Id. at ¶ 6.)

The Court construes the Motion to Transfer as a Motion to Disqualify. Pursuant to General Order 21-01:

> If a motion is made to disqualify a district judge in any case, the motion must first be reviewed by the district judge to whom that case is assigned, even if that judge is the subject of the motion to disqualify. The assigned judge may grant the motion, deny the motion, or refer the motion to another judge.

(General Order 21-01 at II.F.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-11223 PA (JCx) | Date | March 17, 2021 |
| Title | John Akrabian, et al. v. West Coast Servicing, Inc., et al. | | |

  The standard for disqualification of a judge is established by 28 U.S.C. §§ 144 and 455. Section 144 permits a party seeking disqualification to file a "timely and sufficient affidavit" setting forth "the facts and reasons" for the party's belief that "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The affidavit must "state facts and the reasons for the belief that bias or prejudice exists." Id.; see also 28 U.S.C. § 1746 (providing that wherever "any matter is required or permitted to be supported, evidenced, established, or proved by the sworn . . . . affidavit . . . of the person making the same . . . such matter may, with like force and effect, be supported . . . by the unsworn declaration . . . of such person which is subscribed by him as true under penalty of perjury . . . ."). When determining the legal sufficiency of the affidavit, "the factual allegations in the affidavit must be accepted as true," although "general or conclusory allegations will not support disqualification." United States v. Zagari, 419 F. Supp. 494, 500–01 (N.D. Cal. 1976); see also Hayes v. National Football League, 463 F. Supp. 1174, 1179 (C.D. Cal. 1979) ("Conclusory allegations . . . do not justify disqualification."). The potentially applicable provision of § 455 provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); see also United States v. Hernandez, 109 F.3d 1450, 1453–54 (9th Cir. 1997) ("The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: '[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.' Ordinarily, the alleged bias must stem from an 'extrajudicial source.'") (quoting United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986); Liteky v. United States, 510 U.S. 540, 554–56, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d 474 (1994)).

  In Liteky, the Supreme Court clarified the interplay between allegations of impartiality, personal bias, and prejudice under sections 455(a) and 455(b)(1):

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. . . . Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11223 PA (JCx) | Date | March 17, 2021 |
|---|---|---|---|
| Title | John Akrabian, et al. v. West Coast Servicing, Inc., et al. | | |

> or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They <u>may</u> do so if they reveal an opinion that derives from an extrajudicial source; and they <u>will</u> do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

510 U.S. at 555 (citations omitted).

The Court, having reviewed Petitioners' Motion to Disqualify, concludes that the Motion to Disqualify fails to set forth sufficient factual allegations to require disqualification pursuant to 28 U.S.C. §§ 144 and 455, or any evidence tending to show personal bias stemming from an extrajudicial source. Nor is there any basis to believe that any other ground for disqualification or recusal exists. Rather, it appears that Petitioners simply disagree with, or have failed to understand — whether intentionally or otherwise — the Court's prior orders requiring that they must adequately allege a basis for this Court's subject matter jurisdiction before the Court may reach the merits of Petitioners' efforts to enforce the arbitration award they claim to have obtained. The Court therefore denies Petitioners' Motion to Disqualify.

As the Court has explained, federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. <u>Bender v. Williamsport Area School Dist.</u>, 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986). In seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of proving that jurisdiction exists. <u>Scott v. Breeland</u>, 792 F.2d 925, 927 (9th Cir. 1986). The Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." Local Civil Rule 8-1.

Despite Petitioners' references to the FAA in the Petitions they filed, those references are insufficient to establish that the Court possesses federal question jurisdiction over this action. <u>See</u> 28 U.S.C. § 1331. The FAA is "'something of an anomaly in the realm of federal legislation: It 'bestow[s] no federal jurisdiction but rather requir[es] [for access to a federal forum] an independent jurisdictional basis' over the parties' dispute. Given the substantive supremacy of the FAA, but the Act's nonjurisdictional cast, state courts have a prominent role to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11223 PA (JCx) | Date | March 17, 2021 |
|---|---|---|---|
| Title | John Akrabian, et al. v. West Coast Servicing, Inc., et al. | | |

play as enforcers of agreements to arbitrate." Vaden v. Discover Bank, 556 U.S. 49, 59, 129 S. Ct. 1262, 1271-72, 173 L. Ed. 2d 206 (2009) (quoting Hall Street Associates, L.L.C. v. Mattel, Inc., 552 U.S. 576, 581-82, 129 S. Ct. 1396, 1402, 170 L. Ed. 2d 254 (2008)).  Therefore, although the Petition, Amended Petition, and 2nd Amended Petition appeared to assert a claim pursuant to the FAA, Petitioners have not satisfactorily alleged that the Court possesses federal question jurisdiction over this action.

The United States Supreme Court has explained that for federal courts to possess subject matter jurisdiction over actions to confirm arbitration awards, "[t]here must be diversity of citizenship or some other independent basis for federal jurisdiction." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32, 103 S. Ct. 927, 942 n.32, 74 L. Ed. 2d 765 (1983).  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.  A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business.  28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989).  Finally, the citizenship of a partnership or other unincorporated entity is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

Despite having been given three opportunities to do so, repeated explanations of the requirements for the Court's subject matter jurisdiction, and having been warned multiple times of the consequences of failing to file a Petition that adequately alleges a basis for the Court's subject matter jurisdiction, Petitioners have failed to comply with the Court's orders or to establish the Court's subject matter jurisdiction over this action.  Petitioners have failed to allege or establish the citizenship of any of the parties for jurisdictional purposes or to otherwise allege a basis for the Court's subject matter jurisdiction.  The Court therefore dismisses this action for lack of subject matter jurisdiction.

Grounds also exist to dismiss this action for failure to comply with a court order.  It is well established that a district court may dismiss an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 8 L. Ed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11223 PA (JCx) | Date | March 17, 2021 |
|---|---|---|---|
| Title | John Akrabian, et al. v. West Coast Servicing, Inc., et al. | | |

2d 734 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order).  This inherent power supports the orderly and expeditious disposition of cases.  See Link, 370 U.S. at 629–30; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish, 191 F.3d at 987–88.

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions."  779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citation omitted) (first citing Malone v. U.S. Postal Serv., 833 F.2d 128, 133 & n.2 (9th Cir. 1987); and then quoting Ferdik, 963 F.2d at 1263).  Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor.  Id.

Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 (public's interest in expeditious resolution of litigation always favors dismissal)).  Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal.  See id.

The third Henderson factor at least marginally favors dismissal.  Respondents may be prejudiced if the complaint is not dismissed.  See Yourish, 191 F.3d at 991; Pagtalunan, 291 F.3d at 642–43 (stating that "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale"); see also Anderson v. Air W., Inc., 542 F.2d 522, 525 (9th Cir. 1976) ("Delay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations.").

In considering the fourth and fifth Henderson factors, the Court notes that Petitioners were warned about the consequences of failing to file a response by the date set by the Court.  Nevertheless, Petitioners elected not to file a Third Amended Petition.  Moreover, because the Court intends to dismiss the action without prejudice, the fifth Henderson factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice.  See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice); see also Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11223 PA (JCx) | Date | March 17, 2021 |
|---|---|---|---|
| Title | John Akrabian, et al. v. West Coast Servicing, Inc., et al. | | |

but must explore possible and meaningful alternatives."). Thus, the Henderson factors justify dismissing this action for failure to diligently prosecute.

    For all of the foregoing reasons, the Court denies Petitioners' Motion to Transfer and dismisses this action without prejudice both for lack of subject matter jurisdiction and for failure to comply with the Court's Orders.  See Yourish, 191 F.3d at 986-88; Ferdik, 963 F.2d at 1260. Because this action is dismissed without prejudice, West Coast Servicing's Motion to Dismiss is denied as moot.  The Court will issue a Judgment consistent with this Order.

    IT IS SO ORDERED.